PENACHIO MALARA LLP                          **HEARING DATE & TIME:**
Special Counsel for the Debtor               **OCTOBER 21, 2020 at 10:00 AM**
245 Main Street – Suite 450
White Plains, New York 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:                                       CHAPTER 13

CRAIG BAKER,                                 CASE NO.: 20-22016-SHL

                          Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### THE DEBTOR'S OPPOSITION TO ATHENE ANNUITY AND LIFE COMPANY'S MOTION TO VACATE STAY WITH RESPECT TO THE HOME AT 2 MARSHALL COURT, SOMERS, NEW YORK 10589

**CRAIG BAKER**, the debtor herein (the "Debtor") in support of his opposition to the

motion of Athene Annuity and Life Company ("Athene") to vacate the stay with respect to the

premises at 2 Marshall Court, Somers, NY 10589 (the "Premises") respectfully sets forth as

follows:

      1.      On January 5, 2020, the Debtor filed a voluntary petition for relief under

Chapter 13 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the

Clerk of this Court and the case was referred to the Bankruptcy Judge herein. Krista Preuss

serves as the Chapter 13 Trustee.

      2.      The Debtor operates a uniform supply business from the Premises.   He

began to experience financial reverses several years ago due to a serious illness from which the

Debtor has recovered.

3.     The Debtor filed for Chapter 13 relief in an effort to avoid imminent seizure of the Premises through a foreclosure sale. Unfortunately, the Debtor's counsel fell seriously ill shortly after the filing.   Upon information and belief, counsel was hospitalized for some time followed by in-patient treatment at a rehabilitation facility.     As a result, the Debtor was unable to communicate with his counsel.   Apparently, there are several outstanding matters including: (i) the Debtor's social security number was incorrect on the filing; (ii) schedules and a plan were not filed; and (iii) documents were not submitted to the Trustee.

4.     Athene holds a mortgage on the Premises which, upon information and belief, is serviced by Rushmore.   The Debtor did not understand that he was required to make post-petition payments to Rushmore.   The Debtor did in fact send a check in the amount of $5,000.00 payable to Rushmore to his counsel before his counsel became ill.

5.     After the Debtor realized that his counsel would be unable to represent his interests due to illness, in mid-September, the Debtor contacted the undersigned who agreed to assist him.   After reviewing the case, a motion to correct the Debtor's social security number was drafted, filed and served in accordance with the applicable rules.

6.     The undersigned carefully reviewed the Debtor's case and determined that he would likely be better served by a conversion to Chapter 11 with an election under Sub-Chapter V. The conclusion was reached that a conversion was a better "fit" because (i) the Debtor's liabilities are close to or exceed the Chapter 13 limits; (ii) the Debtor is engaged in a business which operates in the Premises; and (iii) the Debtor used a portion of the proceeds of the mortgage to fund his business.[1]   Counsel drafted a motion to convert his case from Chapter 13 to Chapter 11 and intends to file in the upcoming days.

---

[1]   Counsel has had recent success in assisting individual debtors engaged in business in Chapter 11 cases.   Most recently, in the case of Melissa Ann Thomas (19-22124).   Ms. Thomas's case, which was filed *pro se*, was converted from Chapter 13 to a Chapter 11 case and she was able to use the provisions of Chapter 11 to achieve a loan modification.

7.      Athene moved to vacate the automatic stay to permit it to foreclose on the Premises (Dkt. No. 24).   Based upon Athene's assertions, the Debtor is approximately eight payments behind post-petition.   In the Worksheet filed with its motion, Athene alleges that the Premises is worth only $593,000.00 while at least $1,038,742.78 is due.

8.      On behalf of the Debtor, the undersigned sought Loss Mitigation in the context of his Chapter 13 case (Dkt. No. 30).   Counsel believes that the Debtor may be a good candidate for a modification or a "strip down" under Sub-Chapter V.

9.      The Debtor is willing to make adequate protection payments immediately to preserve the "status quo" while Loss Mitigation or a plan is being pursued.

**WHEREFORE**, the Debtor respectfully requests that this Court deny or defer Athene's motion at this time, or, in the event that the Court is inclined to grant some relief to Athene that a conditional order be entered which affords the Debtor a reasonable time to submit a financial package to Athene and/or requires him to make adequate protection payments.

Dated: White Plains, New York
         October 13, 2020

**PENACHIO MALARA LLP**

/s/ Anne Penachio
BY:_____
         Anne Penachio
         Special Counsel for the Debtor
         245 Main Street - Suite 450
         White Plains, NY 10601
         (914) 946-2889
